HLAWACEK vs. BOHMAN, imp.

*December 22, 1880 — January 11, 1881.*

PRACTICE: ORDERS: APPOINTMENT OF RECEIVER. *(1) Record conclusive as to character of order. ( 2) Waiver of objection. (3) When receiver of land to be appointed.*

1. The order appealed from in this case, dissolving an injunctional order previously granted by a court commissioner, and appointing a receiver, and which purports to be " by the court," is held to be in form and substance an order of the circuit court, and the record is held to be conclusive of its character until modified, set aside or reversed.

2. The court having jurisdiction to make such order, the party on whose motion it was made must be held to have assented to it, and to have *waived* the objection that it should have been a chamber order.

3. In an action involving the title of the parties to the land, where both claimed possession, and were interfering with each other in harvesting crops produced by each on the land, and threatening each other with assaults and forcible resistance, an order appointing a receiver, and dissolving a previous order restraining one of the parties from interfering with the land, was an exercise of the sound discretion of the court.

APPEAL from the Circuit Court for *Kewaunee* County.

This action was brought against Joseph Bohman, Jr., Barbara Bohman, his wife, and *Joseph Bohman, Sr.*, to obtain specific performance by the two defendants first named of their written contract to convey certain lands to the plaintiff, and to have the defendant last named adjudged to convey to the plaintiff, or reconvey to Joseph Bohman, Jr., certain lands mentioned in said contract, etc. After the commencement of the action, *Joseph Bohman, Sr.*, obtained from a court commissioner an injunctional order restraining the plaintiff, his agents, etc., during the pendency of the action, from interfering with a certain piece of land, being a part of the land which the other defendants had contracted to sell to the plaintiff, and also a part of that which they had subsequently conveyed to *Joseph Bohman, Sr.* Afterwards the plaintiff's attorneys served a notice on those of the defendants, that, upon certain specified papers, plaintiff would "apply to the Hon. Campbell McLean, the presiding judge of said court, at the court-house at Fond du Lac, in the county of Fond du Lac," at a time specified, for an order to vacate or modify said injunctional order, "so as to allow the plaintiff to harvest the grain sowed and planted by him on the premises described in said order," etc.; and also for an order appointing a receiver of the rents and profits of the premises in question. This motion was sustained and resisted upon numerous affidavits; and the verified answer of *Joseph Bohman, Sr.*, in the

action was also read by his attorneys at the hearing of the motion. Afterwards an order was made in the cause, which recites that the motion came on to be heard "before the presiding judge of said court at the court-house," etc., and which purports to be made "By the Court, CAMPBELL McLEAN, Judge." This order dissolved the injunctional order previously made, appointed a receiver of the real estate therein described, and of the crops and other things thereon, and directed that, upon his filing the bond required of him, the parties to this action should deliver to him "all of the crops, including hay already harvested, together with all the rents, issues and profits of said premises," etc. From this order *Joseph Bohman, Sr.*, appealed.

For the appellant there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*. They contended, in substance, 1. That, upon the facts apparent from the record, plaintiff was not entitled to the relief demanded in the complaint, and therefore was not entitled to a receiver or to a dissolution of the injunction. High on Receivers, § 24; 3 Abb., 255; *Clark v. Dew*, 1 Russ. & M., 103. 2. That an injunction may properly be granted in favor of a party in possession against one who has invaded and threatens further to invade his possession under claim of title. 3 Wait's Act. & Def., 700; Kerr on Inj., 291, § 4; High on Inj., § 459.

For the respondent there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd*. They argued, among other things, 1. That, as the motion to dissolve the injunction, etc., was made returnable before, and was heard before, the presiding judge of the court (although the court was in session at the time, holding special term for the whole circuit), it was doubtful whether an appeal from such order conferred jurisdiction on this court. *Hubbell v. McCourt*, 44 Wis., 584. 2. That the application for a receiver is addressed to the sound discretion of the court, and the appointment will be

made in all cases where the interest of the party seems to require it *(Crane & McCoy,* 1 Bond, 422); and that, a *prima facie* case being shown by the applicant, the merits of the action will not otherwise be inquired into. 2 Barb., 532; 4 How. Pr., 166; *Chapman v. Hammersley,* 4 Wend., 173.

ORTON, J. The order dissolving the injunction and appointing a receiver in this case, from which this appeal is taken, is, in form and substance, an order of the circuit court, in session, during term, and the record imports verity, and is conclusive of its legal character, until modified, set aside or reversed. It is an order which the circuit court had jurisdiction to make, and must be held to have been assented to by the respondent's council, who procured it to be made; and the objection that it should have been a chamber order of the judge, and not a court order, and therefore not appealable, is waived. The appeal is properly taken to this court from the order as an order of the circuit court.

The title to the lands, the use and possession of which are affected by the order, is the subject of litigation in this action, and yet in dispute and claimed by both parties, and both parties claim to be in possession, interfering with each other in harvesting the crops produced respectively by each, and threatening each other with assaults and forcible resistance; and the merits of the action cannot be tried on this motion. This would seem to be the very case where the appointment of a receiver would save to both parties their full rights, and yet prevent waste and the expenses and troubles of threatened and reasonably-expected litigation, arising from frequent conflicts over the possession pending the suit. Willard's Eq. Jur., 332; *Finch v. Houghton,* 19 Wis., 150. The appointment of the receiver renders the injunction against the interference with the possession of either party unnecessary, and it was properly dissolved. We think that the dissolution of the injunction and the appointment of a receiver in this case, were

the exercise of a sound discretion by the circuit court, and very proper under the circumstances.

*By the Court.* — The order of the circuit court appealed from is affirmed, with costs, and the cause remanded for further proceedings.

