MILLER, Appellant, vs. CURRIE and others, Respondents.

*April 7—May 10, 1932.*

For the appellant there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady*.

For the respondents there was a brief by *Diver & Populorum* of Waukegan, Illinois, *Ralph F. Potter* of Chicago, and *Rogers & Owens* of Portage, and oral argument by *Harlan B. Rogers* and *Clarence W. Diver*.

ROSENBERRY, C. J.   This action is brought under the Uniform Declaratory Judgments Act, being sec. 269.56, Stats. The material part is printed in the margin.[1]

[1] 269.56 *Declaratory Judgments Act.* (1) *Scope.* Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed.   No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.   The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

(2) *Power to construe, etc.*   Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

(3) *Before breach.*   A contract may be construed either before or after there has been a breach thereof.

(4) *Executor, etc.*   Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin or *cestui que trust,* in the administration of a trust, or of the estate of a decedent, an infant, lunatic or insolvent, may have a declaration of rights or legal relations in respect thereto:

(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or

(b) To direct the executors, administrators or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

(5) *Enumeration not exclusive.*   The enumeration in subsections (2), (3) and (4) does not limit or restrict the exercise of the general powers conferred in subsection (1) in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.

(6) *Discretionary.*   The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

. . .
(12) *Construction.*   This section is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.

Numerous contentions were made in the argument and in briefs of counsel here, some of which at least require us to assume the existence of facts not alleged in the complaint, and are questions which relate to the exercise of discretion by the court as to whether or not jurisdiction of the action should be entertained. By the very words of the statute the discretion given to the court is not a discretion to entertain the action but to enter or decline to enter the judgment or decree. The discretion conferred by sub. (6) may therefore be exercised only upon the record as it exists when the entry of a judgment would be appropriate.

It is further urged that the statute does not confer jurisdiction or power upon the court to act under a state of facts such as disclosed by the complaint in this case because no property right is involved. Declaratory relief is a creation of the statute and was unknown to the common law. Such jurisdiction as the court has in matters of this kind, therefore, it derives from the statute, and its jurisdiction is in that regard limited by the statute which confers the jurisdiction.

Referring now to sub. (1), it is clear that the statute confers jurisdiction to declare status. Sub. (2), (3), and (4) are limitations upon the power conferred in sub. (1). Were it not for sub. (5) it would be clear without further consideration that no jurisdiction was conferred under the facts set out in the complaint in this case because the status does not arise in connection with any interest under a deed, will, written contract, or other writing constituting a contract, nor are plaintiff's legal relations affected by any municipal ordinance, contract, or franchise, and the plaintiff would therefore not be entitled to obtain a declaration of status thereunder.

However, sub. (5) provides that sub. (2), (3), and (4) do not limit or restrict the exercise of the general powers

conferred in sub. (1), and there is by sub. (5) established another limitation which is that the limitations provided in sub. (2), (3), and (4) shall not apply in any proceeding where declaratory relief is sought in which the judgment will terminate the controversy or remove the uncertainty. It was quite apparently the purpose of the framers of the act to circumscribe the very broad power granted by sub. (1). Uncertainty must refer to legal uncertainty, not to uncertainty in fact.

In *Washington-Detroit Theater Co. v. Moore,* 249 Mich. 673, 229 N. W. 618, 68 A. L. R. 105, the requirements of a proper case for declaratory relief based upon the American cases are set out. They are:

"(1) The exercise of the jurisdiction is discretionary with the court, and, where no consequential relief is sought, it will be exercised with great care, extreme caution, and only where there are special circumstances demanding it.

"(2) There must be an actual and *bona fide* controversy as to which the judgment will be *res judicata.* Such a case requires that all the interested parties shall be before the court.

"(3) The court will not decide as to future rights, but will wait until the event has happened, unless special considerations otherwise require.

"(4) A declaration will not be made in a matter where the interest of the plaintiff is merely contingent upon the happening of some event.

"(5) Where the court is asked for no consequential relief, it will not entertain the case if the effect is to interfere with the rights of a party to appeal to a court having jurisdiction of the particular matter by statute.

"(6) Ordinarily, the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action. In addition to the foregoing, the British courts have another rule which does not seem to have been passed upon in this country, as follows:

"(7) A declaration cannot be had in respect of a cause of action which, it is merely apprehended or feared, defendant may assert, where he has made no claim against the plaintiff thereon, although he refuses to waive any rights thereunder."

See *Heller v. Shapiro, post,* p. 310, 242 N. W. 174.

Upon demurrer it is our duty to construe the allegations of the complaint most favorably to the pleader. So construed, it appears from the complaint that no controversy is pending except that with respect to the status of the plaintiff. So far as any allegation in the complaint is concerned, it does not appear that there is now any court which has jurisdiction of any controversy between the parties to this action to which might properly be presented the question of plaintiff's status, nor does it appear from the facts stated in the complaint that the bringing of this action is an effort to forestall a determination of the status of the plaintiff in some other court having jurisdiction of the parties or having jurisdiction in respect to a *rem* about which there exists a controversy in which it will be necessary to determine the plaintiff's status. We cannot assume that, because the plaintiff's reputed father died without the state, he left an estate which is being administered at the place of his domicile; we cannot assume that a court having jurisdiction of the estate has jurisdiction to determine the controversy presented by the pleadings in this case. If by way of answer or upon a trial all or any of these facts should appear, there will then be presented to the trial court the question of whether or not it should retain jurisdiction of the action and enter judgment. If such facts should appear the trial court will certainly proceed with caution. The Declaratory Judgments Act is an effort to provide a tribunal in which controversies may be determined which could not otherwise be presented for determination to a court having jurisdiction. In theory

the judgments were largely anticipatory; in practice the jurisdiction has been somewhat extended.

In addition to the cases cited we refer to the following notes where the law relating to declaratory judgments is brought together and reviewed: 12 A. L. R. beginning on p. 52, 50 A. L. R. beginning on p. 42, 68 A. L. R. beginning on p. 110. See, also, *Zoercher v. Agler* (Ind.) 172 N. E. 186, 70 A. L. R. 1232.

The questions principally argued here by the defendants can arise only upon the trial or perhaps upon demurrer to an answer. Apparently the complaint was drafted for the sole purpose of determining whether or not a question of status could be determined under the Declaratory Judgments Act independent of any controversy relating to other rights. Subject to the limitations indicated above, it must be held that such an action might properly be entertained by a court.

We do not determine whether or not when all of the facts are before the court this case should be retained and judgment entered. That is a matter which, as already indicated, lies in the discretion of the trial court.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.