## IMPERIAL IRR. DIST. v. NEVADA-CALIFORNIA ELECTRIC CORPORATION.

### No. 9115.

Circuit Court of Appeals, Ninth Circuit.

April 26, 1940.

Harry W. Horton and George R. Kirk, both of El Centro, Cal., for appellant.

Henry W. Coil and C. N. Perkins, both of Riverside, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is a proceeding wherein the plaintiff sought injunctive relief against the defendant in the United States District Court of the Southern District of California, Southern Division. The defendant by way of counterclaim also sought injunctive relief against the plaintiff, premised wholly upon plaintiff's being granted an injunction. Defendant's counterclaim prayed for certain declaratory relief as well, and a stipulation of fact was filed in evidence presenting certain questions for declaratory relief on behalf of both parties. Both parties appeal from portions of the decree rendered.

The plaintiff and cross-defendant below, Imperial Irrigation District, is a duly organized, existing and operating irrigation district of the State of California [Act 3854 Deering's General Laws; California Stat-

utes 1897, page 254, and amendments thereto]. The defendant and cross-complainant below, the Nevada-California Electric Corporation, is a Delaware corporation succeeding in interest the Southern Sierras Power Company, a Wyoming corporation. The parties will be referred to as plaintiff and defendant respectively. The jurisdiction of the federal courts arises from the diversity of citizenship of the parties, and ample allegations and proof of the jurisdictional sum of money involved.

The plaintiff owns and operates an extensive irrigation plant with its canals, ditches, roads and appurtenances within its territorial limits, which are within the County of Imperial, State of California; and it also operates therein an extensive electrical energy distributing system with its pole lines and appurtenances. The defendant owns and operates an extensive electrical energy distributing system within and outside of the said District as a public utility and contemplates a substantial extension of its system within the District, crossing plaintiff's properties with lines suspended from poles.

The plaintiff alleged that defendant would, if not restrained, proceed to so cross plaintiff's properties without right and without first obtaining the right so to do, and that such crossings if made will result in irreparable damage to plaintiff and produce a multiplicity of actions. Defendant admits that it is about to extend its services and that the necessary construction will require numerous crossings of plaintiff's lines and properties, but denies that such construction will cause plaintiff damage or produce or cause a multiplicity of actions. Defendant denies that it will attempt to cross any of plaintiff's properties without right or without first securing consent or legal right through eminent domain proceedings. There were some other related issues but inasmuch as they are not within the appeals we need not notice them in detail.

The cause was referred to a Master who took evidence and rendered a report to the court which included Findings of Fact and Conclusions of Law. These, with the exception of the treatment of costs, were adopted by the court and the court rendered its decree. The decree denied injunctive relief to each party, and defined the parties' rights in the several situations regarding easements as requested by way of a declaratory decree.

■ The decree provides in part, "(2) That the plaintiff is not entitled to injunctive or other equitable relief against the defendant and all such relief is hereby denied the plaintiff, without prejudice, however, to the right of the plaintiff to prosecute a suit for protection of its rights, in the event that it shall hereafter appear that any of such rights have been violated."

Plaintiff specifies as error that this provision does not relate to the whole of the decree and does not and will not permit the plaintiff in the future to raise the question of an actual interference, even though defendant's lines may be constructed within the minimum requirements of the Railroad Commission of the State of California.

We think the meaning of this provision is clear and needs no explanation and does not constitute error.

■ The decree also adjudicates by way of a declaratory judgment all of the issues raised as to the crossing and other alleged rights of the parties including those arising from easement rights over real property the title to which has been purchased by the plaintiff upon foreclosure of defaulted assessments. The only subject of appeal in regard to the declaratory phase of the judgment is in regard to the court's conclusion that where certain facts obtain the sale of real property and deed given thereunder does not terminate an easement or right of way across or upon such property.

The plaintiff specifies as error "the failure and refusal of the special master and trial court to hold and decree that an assessment deed taken by the plaintiff district does and will terminate any easement or right of way of the defendant over, across or upon the property or tract of land as to which the assessment deed is taken".

It is necessary that this part of the decree be reversed for the reason that the parties have made moot the issue therein covered. The stipulation of the parties reads, in part,

"(e) In certain instances, the plaintiff has taken a deed for nonpayment of Irrigation District Assessments to a tract of land over a portion of which before the taking of said deed the defendant had acquired a right of way or easement for the construction and maintenance of electrical transmission or distribution lines for use in connection with its system, and on which said easement or right of way the defend-

ant has not yet placed any poles, wires, or other structures.

"(f) In certain instances, where tracts of land have been conveyed to the plaintiff by similar tax deeds, the defendant has not yet acquired an easement or right of way. * * *

"7. That the validity and effect of any deed to plaintiff for nonpayment of assessments referred to in clauses (e) and (f) of this stipulation or of the proceedings leading up to any such deed are not to be determined in this case, and that any judgment rendered in this case shall not be res adjudicata as to the validity or effect of any such deed to the plaintiff or of the proceedings leading up to any such deed. But the court may determine in this action by way of declaratory judgment the controversy between the parties on the question as to the effect of such a deed to the District, assuming the validity of the deed, and the proceedings leading up to any such deed, upon any such prior easement or right of way of the defendant on which it has not yet placed any poles, wires or any structures, and the defendant is not estopped from questioning the validity of any such tax deeds."

This stipulation specifically provides that any judgment thereon shall not be res judicata, and undertakes to request an opinion of the court upon a hypothetical question. The parties ask the court to assume and act upon the assumption that the plaintiff has title to the property involved, at the same time stipulating that no one is to be bound by the assumption. We quote from Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, "The Act of June 14, 1934 [Jud.Code § 274d, 28 U.S.C.A. § 400], providing for declaratory judgments, does not attempt to change the essential requisites for the exercise of judicial power. By its terms, it applies to 'cases of actual controversy,' a phrase which must be taken to connote a controversy of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts. [citing case.]"

We come now to the defendant's appeal. This concerns the matter of costs. The order of reference to the Master contained the following: " * * * the reasonable compensation and expenses of said Special Master, the reasonable compensation of his stenographic assistants, and the cost of preparing his report, shall be fixed by the court and charged against and be borne by the parties as the court may hereafter direct".

It also provided, "That the proceedings before such Special Master, his report, the filing of any exceptions thereto, and the hearing thereon, his compensation and expenses, and any other matters shall be as provided by such sections of the Federal statutes, and such New Equity Rules of Court, and the practice prevailing in this Court, as are applicable."

It also provided that the findings of fact and conclusions of law of the Master's would not be binding upon the court but that the court could adopt, reject or modify them as he saw fit.

The Master found in regard to costs: " * * * defendant is entitled to a judgment against plaintiff denying plaintiff any injunctive relief and for its costs of suit including the amounts paid by defendant for reporter's per diem and its own and the Special Master's copy of the reporter's transcript of the proceedings before the Special Master, and such other items as are properly taxable as costs."

Thereafter and upon another date the court made the order "that pending the entry of a decree herein each of the parties should pay forthwith one-half of the Special Master's costs, disbursements and fees. It is further ordered that pending the entry of such decree the Court reserves the matter of determining to what extent the Special Master's fees shall be chargeable as costs."

Thereafter and upon another date the court made an order sustaining, confirming and adopting the Master's findings and conclusions, but without mention of costs.

Thereafter and upon another date while the cause was before the court upon exceptions to form of final decree, the court stated, "The court finds that both sides should defray their own costs and expenses, including the Special Master's fees, and exception is noted to the aggrieved parties."

■ In our opinion, and we so hold, the matter of costs was one of discretion for the court. And it seems clear to us that notwithstanding the apparent inclusion of all matters in the court's order approving the Master's findings and conclusions, the former special reservation as to a final ruling on costs indicated clearly that it would rule specially thereon. We hold that the order of general approval was in

reference to the issues of the case and was not intended to and did not cover the matter of costs.

The decree is reversed as to that part purporting to grant declaratory relief on the subject of whether the assessment deeds taken by the plaintiff terminated any easements or rights of way of the defendant over, across or upon the property or tract of land as to which the assessment deeds were taken. In other respects the decree is affirmed. The trial court, within its discretion, may grant such amendments to the pleadings consistent with this opinion as may be offered.

However, we do not wish this opinion to be taken as our approval of the parties' procedure herein in seeking a declaratory judgment regarding controversies as to numerous units of real property which are not identified in the pleadings. We do not express ourselves upon this point nor intimate anything in regard to it for the reason that it has not been raised upon appeal.

The parties shall bear their own costs upon appeal.

Reversed in part, affirmed in part.