**STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS., v. WEBSTER et al.**

**No. 10660.**

Circuit Court of Appeals, Ninth Circuit.

March 20, 1945.

L. R. Martineau, Jr., Richard C. Heaton, and Joseph P. Rinnert, all of Los Angeles, Cal., for appellant.

316

No brief was filed on behalf of appellees.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

A controversy is alleged to have arisen between the parties hereto in the matter of a request for a loan upon two insurance policies. Jurisdiction of the federal court is based upon diversity of citizenship, the plaintiffs being citizens of California, the issuing insurance company being a Massachusetts corporation, and the value of the subject in controversy exceeding $3,000. The insurance company, defendant below, appeals from the judgment entered.

The evidence in the case consists mainly of documents attached as exhibits to pleadings; their genuineness' is not disputed. No testimony of witnesses is in the transcript of record, and the trial court's findings upon material allegations of fact are not attacked.

The complaint contains two causes of action. Appellee Henry M. Webster, hereinafter sometimes called the insured, is the sole plaintiff in the first. He alleges that two policies of insurance on his own life were delivered to him by the appellant insurance company, that under the terms of the policies he was entitled to borrow thereon an amount proportionate to the total premium payments made thereon in accordance with schedules therein contained, that on December 17, 1941, he demanded of the insurance company that it lend him the full combined loan value of said policies, that the insurance company construes the relevant facts as not entitling the insured to borrow against the policies, but that he believes he has the right to so borrow. He prays that the court declare the rights and duties of the parties with respect to the policies and order the insurance company to make the loan. The second cause of action is similar to the first except that therein several plaintiffs, namely, the insured's wife, Caroline H. Webster, their son, Martin H. Webster, and their daughter, Cecile B. Webster, allege that they have given their consent that the loan may be made as demanded by Henry M. Webster and pray that the court enter a judgment as requested by him.

The answer admits that an actual controversy exists as to the parties in both causes of action and sets forth the insurance company's contention that the insured has no right to borrow and the company no right to lend on the policies under the terms and conditions thereof. The controversies alleged by the parties are not identical, and the insurance company denies that the controversy between it and the plaintiffs is as alleged by the latter.

The basic facts relating to both causes of action are detailed in the trial court's unattacked findings.

Two policies of insurance were issued by the insurance company upon the life of Henry M. Webster, policy No. 207255B on January 22, 1923, and policy No. 347582B on March 14, 1931. At all times herein concerned, they were in full force and effect. Each contained clauses entitling the policyholder to a loan from the company on the sole security of the policy, provisions being included for computing the amount of the loan at any certain time. The loan provision of one policy was amended to give the insured the right to secure loans from the company without the consent of any revocably designated beneficiary, but the amendment is without significance in this proceeding.

On or about June 10, 1937, several instruments [1] were delivered to the com-

---

[1] The following statement appears in appellant's brief:

"On June 10, 1937, the then applicable Federal Estate tax regulations pertaining to Section 302(g) of the Revenue Act of 1926 defined the legal incidents of ownership in an insurance policy as follows:

" 'Legal incidents of ownership in the policy include, for example: The right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy, etc.' (Estate Tax Regulations 80, Article 25, as amended by Treasury Decision 4729, approved March 18, 1937, 373 C.C.H. Fed. Tax Serv. paragraph 3471 (1937).)

"At that time the Commissioner of Internal Revenue had held that where a decedent had irrevocably disposed of all legal incidents of ownership in policies payable to named beneficiaries, other than by testamentary disposition, no part thereof was taxable under the Federal Estate Tax Law (Income Tax Unit Ruling 2553, IX-2, Cum.Bull. 101, 313 C.C. H. 1931 Fed.Tax Serv. paragraph 6019 (1930) )."

pany, which accepted them, in the order set out, as of July 6, 1937. (Exhibit designations herein are the same as the trial court's.)

1. (Ex. "C") Designation of the insured's estate as beneficiary of the policies reserving the right to change the beneficial interest without the consent of the beneficiary.

2. (Ex. "D") Relinquishment of the insured's right to change the beneficiaries without their consent.

3. (Ex. "E") Nomination of the insured's wife, Caroline H. Webster, as sole beneficiary, and assignment to her of all the insured's rights in and to the benefits of the policies.

4. (Ex. "F") Designation by Caroline H. Webster of beneficiaries—the interest income to herself for life; thereafter, the income to her son, Martin H. Webster, with the privilege of withdrawing for himself the principal upon reaching 30 years of age; thereafter, the principal to his issue, if any; thereafter, the interest to her daughter, Cecile B. Webster; thereafter, the principal to her issue, if any; should Caroline predecease the insured, all right, title and interest in the policies to vest in her son, or, if her son not living, in her daughter.

On December 15, 1937, Caroline H. Webster delivered to the insurance company another writing (Ex. "G") naming the same beneficiaries as Exhibit "F" but differing in certain respects immaterial to the matter here in controversy. Exhibit "G" was duly accepted by the insurance company and replaces Exhibit "F" to all intents and purposes.

The insured demanded of the company, on December 17, 1941, a loan of the full accrued loan value of the two life insurance policies. His wife, son, and daughter signed and consented to this demand, and they also, in another document, "consented" to the revocation of Exhibit "G", but the insurance company refused to make the loan and declined to accept the latter document as an effective revocation of Exhibit "G".

At the time of the trial the son and daughter were both unmarried and without issue.

The reason for the initiation of the action as one under the declaratory judgment statute is explained in accordance with the understanding of all the parties in the trial judge's memorandum opinion: "The defendant's refusal to accept that request for revocation and to make the loan, on the ground that the unborn children of Martin and Cecile were irrevocably named as beneficiaries by Caroline in the instrument of December 15th, 1937, (Exhibit "G") and that the consent of such unborn children is necessary, and obviously cannot be obtained, has precipitated this suit for declaratory relief." "* * * The ultimate question the parties want decided, is whether or not the Company can make the requested loan."

The district court declared in its decree, briefly:

1. That the wife is the owner and holder of both policies. (This declaration and the findings of fact upon which it is based are not attacked, and we have taken this declaration as final.)

2. That the unborn issue of the son and daughter "* * * are not represented in this suit by Martin H. Webster or Cecile B. Webster, but that their interests have been and are sufficiently represented by the defendant insurance company and that the decree of this court is binding upon all such unborn persons."

3. That since the son and daughter are unmarried and without issue, the existence of issue is a mere possibility.

4. That any rights of unborn issue are dependent upon (a) their coming into being, and (b) the lack of prior consumption of policy proceeds by the son or daughter.

5. and 6. That consent to a loan on the insurance policies is required only of persons in being.

7. That the wife, son, and daughter had a right to revoke the designation of unborn beneficiaries.

8. That having revoked the designation of the unborn as beneficiaries, the wife is entitled to loan rights with the consent of the son and daughter. (There is nothing in the pleadings justifying such declaration. The wife has never asked for a loan on the policies, so far as the facts show, and there is not even an intimation anywhere that she desires to borrow on the policies or desires a pronouncement of the court upon that subject.)

9. That the insured has no rights to any loan on the insurance policies. (This last declaratory conclusion is exactly what the insurance company claims, and it is not requesting and could not request upon this

appeal, in accordance with general law, that the conclusion be set aside. Lindheimer v. Illinois Bell Telephone Co., 1934, 292 U.S. 151, 176, 54 S.Ct. 658, 78 L.Ed. 1182; Loudon v. Taxing District, 1881, 104 U.S. 771, 774, 26 L.Ed. 923.

It might be well to note that this proceeding is not one wherein a declaratory judgment would be more useful than a judgment obtained in an ordinary action. Henry M. Webster desired to borrow on insurance policies he had taken out upon his own life, and he followed the procedure prescribed by the policies in petitioning for such loan. The insurance company did not withhold a decision on the application for a loan, nor did it come into court pleading an uncertainty as to the correct construction of the policies together with a number of related documents. Instead, it definitely denied the right of Henry M. Webster to the loan. Thereupon, appellee-insured brought the instant action. In answer the insurance company admitted its refusal to make the loan under the terms of the policies alleging in support of its position its construction of the applicable documents. The first cause of action in the complaint seems to include nothing with respect to issues between Henry M. Webster and the company that would distinguish it from an ordinary court action.

In the second cause of action wherein the basic facts of the first cause are alleged by reference, and wherein Henry M. Webster, the plaintiff in the first cause, his wife, son, and daughter allege that the wife, son, and daughter consent that the loans on the policies may be made to Henry M. Webster and pray that the court declare his right to such loans. A judgment on the first cause of action, had it stood alone as an ordinary action, would have solved for the parties plaintiff in both causes of action all they actually seek, namely, whether or not Henry M. Webster had a right in the loan provisions of the policies at the time of his demand for loans thereon. It appears to us that counsel have fashioned a very complicated action out of a very simple issue. The judgment of the trial court that Henry M. Webster has no right to the loan decides the real issue in the case in favor of the appellant company, which can not and does not herein attempt to complain of such decision but rather objects to certain declarations incorporated in the judgment. However, jurisdiction to grant declaratory relief is discretionary with the trial courts, Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 1937, 92 F.2d 321, 324, and they may entertain an action for such relief although another adequate remedy is available, Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Appellee has filed no brief and was not present when the appeal was argued to us.

It is apparent on the face of Exhibit "E" that when the insured by that instrument made Caroline H. Webster the sole beneficiary of his life insurance policies and also assigned to her the title to the policies, including all of the insured's rights and benefits in them, as found by the trial court, he no longer retained any loan rights flowing out of them. The trial court so held. It is equally clear that Caroline H. Webster, being the sole beneficiary of the policies and owning and holding them without limitation, had the absolute right to name new beneficiaries and to name them irrevocably, as she did in Exhibit "G", which superseded Exhibit "F." The trial court so held. When, therefore, the insured petitioned for loans on the policies, he had no more standing in the premises than a stranger. It follows, and the trial court so held, that the insured had no borrowing rights whatever in the policies.

The matter of consents from unborn beneficiaries would therefore appear to be of no concern to the justiciable issue of the case. However, accompanying the loan application was another writing in which all those to benefit by the insurance policies, except those not yet born, sought to revoke Exhibit "G". The insurance company refused to accept this additional writing as effectively revoking Exhibit "G" for the reason that the consent of the unborn mentioned as beneficiaries in Exhibit "G" had not been obtained.

We think Exhibit "G" is of no materiality in the case. Suppose the insurance company had accepted the "consent" of all the living beneficiaries as effectively revoking Exhibit "G", what would have followed? The answer could be only that Caroline H. Webster, not Henry M. Webster, remained the sole holder and owner of the policies, and such is the conclusion of the trial court. Hence, Henry M. Webster would have no borrowing rights in the policies.

As hereinbefore has been said, Caroline H. Webster in no part of any pleading in the case gives, nor in any evi-

dence contained in the record of the case intimates, that she has ever desired or ever contemplated a loan upon the policies. There is absolutely no controversy in the case between Mrs. Webster and the company on any issue. The trial court erred in adjudging her rights in the matter of loan provisions of the policies. Cf. National Pigments & Chem. Co. v. C. K. Williams & Co., 8 Cir., 1938, 94 F.2d 792.

█ It may be noticed that appellant's brief contains the following: "The importance of a correct judicial determination of the questions involved in this case must not be obscured by their technical nature. In some ways this is a case of first impression, and a correct decision is important because of its future use as a precedent. A correct decision is far more important, however, because the judgment in this case affects with personal significance every one of the insurance company's policy-holders holding like policies." Thus, it appears that the primary cause for casting the case as a request for the court's declaration is the desire of the insurance company to have a general question resolved rather than to have any real issue in the case decided. Clearly, the parties seek an advisory judgment upon a hypothetical rather than an actual issue in the case, whereas federal judicial power is limited to cases of actual, justiciable controversies. 28 U.S.C.A. § 400(1); Ashwander v. Tennessee Valley Authority, 1936, 297 U.S. 288, 325, 56 S.Ct. 466, 80 L.Ed. 688; Imperial Irr. Dist. v. Nevada-California Elec. Corporations, 9 Cir., 1940, 111 F.2d 319, 321; Business Men's Assur. Co. v. Sainsbury, 10 Cir., 1940, 110 F.2d 995, 998; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 1939, 102 F.2d 105, 108; Heller v. Shapiro, 1932, 208 Wis. 310, 242 N.W. 174, 87 A.L.R. 1201, 1203.

The judgment declaration that Henry M. Webster is not entitled to a loan under the terms of his life insurance policies is correct and fully protects the insurance company in conformity with the company's contention. No attempt is made by anyone to appeal from this part of the judgment, which affirms the course taken by appellant in its contention that the insured has no right in or to the loan provisions of the policies and that his demand has no legal basis.

The district court is instructed to amend the judgment by striking therefrom all but the last declaration therein which is as follows: "That the insured, Henry M. Webster, having assigned and transferred his entire interest in said policies and all his rights thereunder to his wife, Caroline H. Webster, now has no right to a loan on said policies or either of them."

As so amended, the judgment will stand affirmed.