WISCONSIN PHARMACEUTICAL ASSOCIATION and another, Appellants, vs. LEE and others (State Board of Pharmacy), Respondents.

*May 8—June 2, 1953.*

328

For the appellants there was a brief by *Herbert L. Mount* of Milwaukee, attorney, and *Harlan B. Rogers* of Portage of counsel, and oral argument by *Mr. Mount*.

For the respondents there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh*.

BROADFOOT, J. A portion of the memorandum opinion of the trial judge reads as follows:

"The issues raised are whether the complaint states a cause of action and whether there is a defect in parties defendant.

"The case of *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 264 N. W. 627, sets forth the nature of the essential facts that must appear:

" 'The requisite precedent facts or conditions which courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows:

" '(1) There must exist a justiciable controversy—that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it.

" '(2) The controversy must be between persons whose interests are adverse.

" '(3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.

" '(4) The issue involved in the controversy must be ripe for judicial determination.'

"Is there a justiciable controversy herein? In the opinion of the court there is not. At most there is a difference of opinion between the plaintiffs and the defendants concerning the violation of a penal statute by persons not parties to this action. The defendants are charged with the statutory duty of investigation and institution of prosecution in the event they feel that a violation has occurred. They are not required

to institute prosecutions when, in their opinion, no violation has occurred. (See *State ex rel. La Follette v. Dammann, supra.*) The opinion of the defendants and for that matter the opinion of their adviser, the attorney general, is not conclusive as to whether or not the statute has been violated. The test is the result in a court of law between the state on behalf of the complainants and persons alleged to have violated the law.

"The same statute (sec. 151.05(2)) makes it the duty of the district attorney to prosecute. The plaintiffs could also appear before the proper magistrate, complain, and the prosecution would be instituted. The statute in question does not give the defendant State Board the exclusive right to institute the prosecution.

"There is no allegation that a prosecution could not be instituted and hence no justiciable controversy.

"The claim of the plaintiffs is not 'against one who has an interest in contesting it,' nor is it a 'controversy between persons whose interests are adverse.' The paramount interests that are adverse and those persons who have an interest in contesting it are the physician and their employees and not a board charged with investigation and prosecution. The real controversy is between plaintiffs and the physicians and their employees.

"Further, the plaintiffs herein do not have a legally protectible interest so as to afford them declaratory relief. No right of the plaintiffs is challenged; no statute limiting any of their activities is involved. If the statute in question did prescribe their activities as pharmacists, a different situation would arise. . . .

"The court is of the further opinion that there is a defect in the parties defendant.

"Section 11 of the Declaratory Judgments Statute provides:

" 'When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the right of persons not parties to the proceeding.'

"Borchard, Declaratory Judgments, pp. 104–107, sets forth the rule as follows:

" 'Aside from the necessity for proper parties plaintiff and defendant having conflicting legal interests in the controversy to be adjudicated, the procedure for a declaratory judgment vests in the courts a wide discretion to insist upon joining and impleading all parties they deem interested or likely to be affected by the decision, and to dismiss, usually without prejudice, a declaratory proceeding instituted without the presence of, or service upon, all such interested persons. The justification for such discretion is the fact that the declaratory judgment is designed to terminate the controversy or uncertainty *sub judice;* and if interested parties are not served or present, it would be likely to fail of that essential purpose. The court occasionally does give judgment, notwithstanding the absence of some designated party defendant, but explains that his interests are not affected by the decision or that his presence would have added nothing of importance which the court needed to take into consideration. More often, however, the court dismisses the proceeding, on the ground that some designated necessary party or parties should have been heard, not only for the information of the court but because such a party might be affected by, even though not bound by, the decision; and in so conclusive a proceeding it would be neither just nor proper to render a judgment without hearing and binding such interested person. Any suggestion, of course, that interested parties could be bound by a judgment in a proceeding to which they were not parties served, with opportunity to be heard, would encounter constitutional objections; but although this is conceded, courts properly decline to make declarations between parties when others, not bound, might later raise the identical issue and deprive the declaration of that conclusive and tranquilizing effect it is calculated to subserve. . . .'

"A judgment declaring the relief sought by plaintiffs should and could not be binding upon the persons primarily affected under either the doctrine of *res adjudicata* or *stare decisis*. The statute in question is a penal one, they alone should have the right to contest it, if they choose, in the manner which they determine.

"The Wisconsin court has ruled that real parties in interest must be made parties before a declaratory judgment can be obtained. *Madison v. Wisowaty,* 211 Wis. 23, 247 N. W. 527; *Riebs Co. v. Mortensen,* 219 Wis. 393, 263 N. W. 169; and *State ex rel. Joyce v. Farr,* 236 Wis. 323, 295 N. W. 21.

"The plaintiffs further contend that the facts stated in the complaint are sufficient to grant the relief sought in the form of mandamus. The only complaint against the defendants is that they have not investigated and instituted prosecutions against third persons. Their refusal to so act is based upon the exercise of discretion in their official capacity. Mandamus does not lie to compel the manner in which discretion shall be exercised. 34 Am. Jur., p. 856, sec. 68; 34 Am. Jur., p. 862, sec. 72."

We agree with the reasoning and authorities relied upon by the trial court, and will only add that a judgment as requested would be merely an advisory opinion and would be beyond the scope of the Declaratory Judgments Act. Sec. 269.56 (6), Stats., gives the court discretionary power to refuse to render a decree where it "would not terminate the uncertainty or controversy giving rise to the proceeding." The determination of the trial court was not an abuse of that discretion and must be sustained.

*By the Court.*—Order affirmed.