AMERICAN MEDICAL SERVICES, INC., Appellant, v. MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent. [Case No. 291.]

MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent, v. AMERICAN MEDICAL SERVICES, INC., Appellant: ASSURED REALTY & CONSTRUCTION COMPANY and others, Defendants. [Case No. 292.]

*Nos. 291, 292. Argued June 2, 1971.—Decided June 29, 1971.*
(Also reported in 188 N. W. 2d 529.)

Case No. 291:

For the appellant there was a brief by *Samson & Nash* and *Godfrey & Kahn,* attorneys, and *James Ward Rector, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Rector.*

For the respondent there was a brief by *Frisch, Dudek, Slattery & Denny,* attorneys, and *Edward A. Dudek* and *Robert D. Scott* of counsel, all of Milwaukee, and oral argument by *Mr. Scott.*

Case No. 292:

For the appellant there was a brief by *Samson & Nash* and *Godfrey & Kahn,* attorneys, and *James Ward Rector, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Rector.*

For the respondent there was a brief by *Frisch, Dudek, Slattery & Denny,* attorneys, and *Edward A. Dudek* and *Edward J. Pronley* of counsel, all of Milwaukee, and oral argument by *Mr. Pronley.*

HALLOWS, C. J.   This appeal raises the question of whether the discretion of the trial court conferred by sec. 269.56 (6), Stats.,[1] the Declaratory Judgments Act, may be exercised on demurrer and whether a demurrer can present the question of whether a judgment would terminate the controversy. Medical Services relies on *Miller v. Currie* (1932), 208 Wis. 199, 242 N. W. 570, and *Iowa Nat. Mutual Ins. Co. v. Liberty Mut. Ins. Co.* (1969), 43 Wis. 2d 280, 168 N. W. 2d 610, for the proposition that the court's discretion may only be exercised upon the record as it exists when the entry of a judgment would be appropriate and construes this language in *Miller v. Currie, supra,* to mean after the court has

[1] "269.56  Declaratory judgments act. . . .

"(6) DISCRETIONARY. The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

heard the case on the merits. We think not. In most cases a court may not know a declaratory judgment would not terminate a controversy giving rise to the proceeding until it had heard the evidence. We see no reason why a court must go through trial to arrive at a foregone conclusion when it appears on the face of the complaint a declaratory judgment would not terminate the controversy. The language in *Miller v. Currie, supra,* must be so modified and understood. This is consistent with what this court has done in more recent cases.

In *Selective Ins. Co. v. Michigan Mut. Liability Ins. Co.* (1967), 36 Wis. 2d 402, 153 N. W. 2d 523, a demurrer was sustained to a complaint for declaratory relief and a judgment entered dismissing the complaint on the ground the consideration of the merits was premature because the interest of the plaintiff was contingent upon the happening of an event. *See also: Skowron v. Skowron* (1951), 259 Wis. 17, 47 N. W. 2d 326; *Wisconsin Pharmaceutical Asso. v. Lee* (1953), 264 Wis. 325, 58 N. W. 2d 700.

In analyzing the Declaratory Judgments Act, sub. (1) [2] of sec. 269.56, Stats., defines the broad scope of the court's power to declare rights, status, and other legal relations. Subs. (2), (3), and (4) are examples of such power in particular cases but by sub. (5) [3] are not exclusive and do not limit general powers in cases where

---

[2] "SCOPE. Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

[3] "ENUMERATION NOT EXCLUSIVE. The enumeration in subsections (2), (3) and (4) does not limit or restrict the exercise of the general powers conferred in subsection (1) in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

the judgment will terminate the controversy or remove an uncertainty. We do not read this section to mean that therefore subs. (2), (3), and (4) are cases in which declaratory relief may be given although the judgment will not terminate a controversy. A more reasonable construction is that sub. (5) qualifies the specific powers enumerated in subs. (2), (3), and (4) as well as sub. (1) and the discretionary power in sub. (6) applies to all cases for declaratory relief. It is only by inverse implication that the Declaratory Judgments Act can be read as excluding the cases enumerated in subs. (1), (2), (3), and (4) of sec. 269.56 from the discretionary requirement of sub. (6).

It may be conceded the complaint meets the test which a complaint for declaratory judgment must meet to state a cause of action. The complaint must state: (1) A justiciable controversy (2) ripe for judicial determination (3) between persons whose interests are adverse and (4) involving a legally protectible interest in the plaintiff. *See State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 264 N. W. 627, and *F. Rosenberg Elevator Co. v. Goll* (1963), 18 Wis. 2d 355, 359, 118 N. W. 2d 858. But such a complaint is subject to the discretion of the court not to entertain the action at all because a judgment declaring rights would not settle the controversy and be merely an advisory opinion. Advisory opinions should not be given under the guise of a declaration of rights. *Skowron v. Skowron, supra.*

In *Skowron,* this court affirmed a dismissal of a complaint for declaratory relief which stated a cause of action under sub. (2) in the exercise of discretion under sub. (6) because a declaratory judgment would not terminate the controversy. In *Wisconsin Pharmaceutical Asso. v. Lee, supra,* declaratory relief under sec. 269.56 (2), Stats., was sought to interpret the Dangerous Drug Act. A demurrer to the complaint was sustained on the ground the judgment would be an advisory opinion and would not terminate the uncertainty or controversy

giving rise to the proceedings. In *State ex rel. La Follette v. Dammann, supra,* the court relied on its discretionary power to sustain a demurrer to a complaint for a declaratory judgment.

A demurrer to a complaint in a declaratory judgment action normally does not present the question whether the complaint states a cause of action but rather presents the question of whether the controversy is one which should be considered and heard on the merits. Consequently, an appeal from an order sustaining such a demurrer raises the question of whether the declaratory judgment action was properly used to adjudicate the plaintiff's claim. *Waukesha Memorial Hospital v. Baird* (1970), 45 Wis. 2d 629, 173 N. W. 2d 700. We think the declaratory judgment action cannot be used on the facts presented.

In this case a declaration of plaintiff's rights would not terminate the controversy. If the plaintiff's construction of the agreement is correct, the foreclosure action may still be brought and while the judgment would be res judicata, other defenses may well be raised. Likewise, if the plaintiff's construction of the contract is incorrect, the foreclosure action would proceed. It is argued the controversy is not the foreclosure action but the rights under the contract. We think this is too narrow a view of the controversy. What Medical Services is attempting by this action is to forestall a foreclosure action by a race to the courthouse.

In the foreclosure action, case number 292 objects to the appointment of a receiver because there has been no determination of waste. In sec. 268.16 (5) [4] the statutes recognize the appointment of chancery or equity receivers in all situations where the court of equity

[4] "**Receivers.** A receiver may be appointed: . . .

"(5) In accordance with the practice which obtained when the code of 1856 took effect except as otherwise provided in this chapter."

could appoint a receiver at the time of the adoption of the code. While it is true that in a foreclosure action receivers were generally appointed on the ground of waste to take charge of the property, we do not understand that equity jurisdiction is restricted to that ground or that type of a receiver. The term "waste" has been broadly construed to include not only the deterioration of property but the failure to pay interest and taxes where they were pledged as security. *Dick & Reuteman Co. v. Jem Realty Co.* (1937), 225 Wis. 428, 274 N. W. 416. We need determine whether that type of receiver is proper here.

The court of equity has always had a traditional power to adapt its remedies to the exigencies and the needs of the case;[5] that was one of the great virtues and reason for the existence of courts of equity. In the present case we have a mortgagor offering to make monthly payments on mortgages which it claims it has a right to make because there is no acceleration of maturity and a refusal on the part of the mortgagee to accept the payments on the ground it would waive the acceleration. It would be possible for the court of equity to order the payments be made by Medical Services and accepted by Mutual Federal without waiver; the court might also have ordered the payments to be paid into court. Instead of this, the court appointed a receiver, not with the usual right of possession and power to collect the rents, but with limited power to receive the payments ordered to be paid by Medical Services. This receiver acts more as a stakeholder than a receiver. Since courts of equity have an inherent power to appoint receivers to preserve the property and collect the rents when the mortgage pledges the rents and profits, it can

---

[5] In *Hlawacek v. Bohman* (1881), 51 Wis. 92, 8 N. W. 102, the parties to an action contesting title to land which was to be harvested during the pendency of the action were ordered to deliver the harvested crops and rents and profits to a receiver.

appoint a receiver to receive the monthly payments on the mortgage when the amount is in dispute.

We considered the other arguments raised in both appeals and find them without merit.

*By the Court.*—Orders affirmed.