Robert SIPL, Plaintiff-Respondent,†

v.

SENTRY INDEMNITY COMPANY, Defendant-
Appellant,

George F. MALTEZOS, Defendant.

Court of Appeals

*No. 87–2257. Submitted on briefs August 9, 1988.—Decided
September 12, 1988.*

(Also reported in 431 N.W.2d 685.)

† Petition to review denied.

For the plaintiff-respondent the cause was submitted on the brief of *Hausmann, McNally & Hupy, S.C.* by *Michael J. Donovan* of Milwaukee.

For the defendant-appellant the cause was submitted on the briefs of *Borgelt, Powell, Peterson & Frauen, S.C.* by *John J. Laffey* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J. Sentry Indemnity Company appeals from a November 13, 1987 order of the trial court, which declared that Robert Sipl had uninsured motorist coverage under an automobile policy issued to his mother. On January 26, 1988, this court permitted an interlocutory appeal under Rule 808.03(2), Stats. The only issue the parties have raised with respect to their request for declaratory relief, either here or in the trial court, is the issue of coverage. However, the dispositive issue here is whether the trial court had jurisdiction to declare the rights of the parties. We conclude that the trial court lacked jurisdiction to order declaratory relief.

I. Sipl's complaint sought a declaration under sec. 806.04, Stats., that he was an additional insured under a Sentry automobile policy issued to his mother. Sipl claimed he was entitled to coverage for injuries he alleges were suffered when, while walking in a parking lot, he was struck by an uninsured motorist.

Sentry's answer denied that the policy applied to Sipl because it contains an exclusion for family members who own cars. To qualify for coverage under his mother's policy, Sipl had to be "a member of the family who is a resident of [her] household and who doesn't own a car." Sentry claimed that Sipl was not covered under the policy because he owned a car.

461

Sentry joined in Sipl's request for a declaration of the parties' rights under the policy.

The matter was presented to the trial court on briefs and an oral stipulation explained by Sipl's lawyer:

> [Sipl's Counsel]: Okay. In any event, what we had decided to do, Judge, is present the issue of the validity of the policy exclusion to the Court for the Court's decision; and, in doing so, we are having the Court assume, number one, my client did own a vehicle other than the named vehicle in the policy. In other words, it would be a non-owned, non-insured vehicle for purposes of this argument.
>
> I should note for the record that there is a factual dispute as to whether he did or did not own a vehicle, but we're going to do this in a two-step process; and, at least to begin with, we'd like to challenge the validity of the exclusion as more or less a pure legal matter so we can determine its validity and, if you decide it's valid, we have to go to Step Two, to decide whether he did or did not own the vehicle.
>
> We're also assuming he was a resident of his mother's household.

The trial court ruled that sec. 632.32(6)(b)1, Stats., precludes Sentry from denying Sipl coverage under the policy. This section prohibits automobile insurance policies from excluding "[p]ersons related by blood or marriage to the insured." Sec. 632.32(6)(b)1, Stats. Accordingly, the trial court declared that the policy provides uninsured motorist coverage to Sipl.

■

II. We must examine the trial court's jurisdiction to order declaratory relief even though the

parties did not raise the issue and it was not considered by the trial court. *Heller v. Shapiro,* 208 Wis. 310, 313, 316, 242 N.W. 174, 175, 176 (1932); *see State ex rel. Teaching Assistants Assoc. v. University of Wisconsin-Madison,* 96 Wis. 2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980). "No principle of law is better established than that parties by agreement cannot confer jurisdiction upon a court." *Fox River Paper Co. v. International Bhd. of Papermakers,* 242 Wis. 113, 115, 7 N.W.2d 413, 413 (1943).

The power of courts to issue declaratory relief is statutory:

> Declaratory relief is a creation of the statute and was unknown to the common law. Such jurisdiction as the court has in matters of this kind, therefore, it derives from the statute, and its jurisdiction is in that regard limited by the statute which confers the jurisdiction.

*Miller v. Currie,* 208 Wis. 199, 203, 242 N.W. 570, 571 (1932). The statute that confers this jurisdiction on the courts of record in Wisconsin is the Uniform Declaratory Judgment Act, sec. 806.04, Stats. While this state's uniform court system, created by Article VII of the Wisconsin Constitution, has "plenary jurisdiction" over all matters, *In Matter of Guardianship of Eberhardy,* 102 Wis. 2d 539, 548–51, 307 N.W.2d 881, 885–86 (1981), the power to grant declaratory relief is circumscribed by the criteria contained in sec. 806.04, whether or not the parties specifically advance the statute as a basis for jurisdiction. *Loy v. Bunderson,* 107 Wis. 2d 400, 407, 320 N.W.2d 175, 180 (1982). The statute empowers courts "to declare rights, status, and

other legal relations whether or not further relief is or could be claimed." Sec. 806.04(1), Stats. Specifically,

> Any person interested under a ... written contract ... or whose rights, status or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status or other legal relations thereunder.

Sec. 806.04(2), Stats.

This broad grant of judicial authority is not, however, unlimited; the question presented to the court must be justiciable. *Loy,* 107 Wis. 2d at 410, 320 N.W.2d at 181. Four elements comprise the concept of "justiciability" and must be present before the court may exercise its declaratory judgment jurisdiction:

> "(1) A controversy in which a claim of right is asserted against one who has an interest in contesting it.
>
> "(2) The controversy must be between persons whose interests are adverse.
>
> "(3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.
>
> "(4) The issue involved in the controversy must be ripe for judicial determination. Borchard, Declaratory Judgments, pp. 26–57."

*Id.* at 410, 320 N.W.2d at 182 (modifying the original exegesis in *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 22, 264 N.W. 627, 628–29 [1936]).

464

Failure to fulfill any of these prerequisites is fatal to a claim for declaratory relief. *Hancock v. Regents of the University of Wisconsin,* 61 Wis. 2d 484, 492, 213 N.W.2d 45, 49 (1973); *American Medical Servs., Inc. v. Mutual Fed. Sav. & Loan Ass'n.,* 52 Wis. 2d 198, 203, 188 N.W.2d 529, 532 (1971). As explained in *Tooley v. O'Connell,* 77 Wis. 2d 422, 253 N.W.2d 335 (1977), "[t]hese conditions precedent have been repeated numerous times by this court and are intended primarily to insure that a bona fide controversy exists and that this court in resolving the question raised will not be acting in a merely advisory capacity." *Id.* at 434, 253 N.W.2d at 340.[1] We must therefore determine if the four-part jurisdictional test first enunciated in *La Follette,* and modified by *Loy,* is satisfied.

The first three parts of the jurisdictional test are met. First, Sipl claims uninsured motorist coverage under an automobile liability policy issued to his mother. He is asserting a claim of right against Sentry, and Sentry has an interest in contesting it. Second, the interests of Sentry and Sipl in the controversy are adverse. Third, Sipl has a legally protectible interest in the controversy. He claims uninsured motorist coverage under his mother's poli-

---

[1]Even if the claim for declaratory relief clears these four hurdles, a court may still, in the reasoned exercise of its discretion, "refuse" to grant declaratory relief if that "would not terminate the uncertainty or controversy giving rise to the proceeding." Sec. 806.04(6), Stats. This grant of discretion permits the court to deny declaratory relief, even though the issue presented is justiciable, when there are other controversies between the parties, or when the declaration would be tangential to the underlying dispute. *See American Medical Servs.,* 52 Wis. 2d at 204, 188 N.W.2d at 532.

cy and contends that the provision excluding from coverage resident family members if they own a car is prohibited by sec. 632.32(6)(b)1, Stats.

Although the parties' request for declaratory relief satisfies the first three jurisdictional prerequisites, it falters on the fourth. As already discussed, Sipl's lawyer told the trial judge that both parties were "having the Court assume" that Sipl owned a car for the purposes of their motion for declaratory relief, *but* that there was a "factual dispute as to whether he did or did not own a vehicle." The lawyer explained that they wanted the matter handled in "a two-step process." First, they wanted "to challenge the validity of the exclusion as more or less a pure legal matter" so that they could "determine its validity." Second, if the court upheld the policy clause, they had "to go to Step Two, to decide whether he did or did not own the vehicle."[2] Asking a court to decide an issue of law based on a non-binding stipulation of facts places the proverbial cart before the horse and is improper.

■
A matter is not ripe for declaratory relief unless the declaration "is conclusive upon the controversy submitted to the court." *Loy,* 107 Wis. 2d at 411, 320 N.W.2d at 182.[3] As Borchard notes, "[i]t is not a

---

[2]Sipl's counsel also noted that there might be an additional factual dispute that the parties wanted the trial court to ignore: "We're also assuming he was a resident of his mother's household. I'm not sure whether there is or is not a factual argument for that, but at least for purposes of this motion we're assuming that."

[3]Prior to *Loy's* clarification of *La Follette's* paraphrase of Borchard, the "ripeness" requirement was occasionally deemed to be an element of *La Follette's* first element "justiciability." *See Tooley,* 77 Wis. 2d at 434, 253 N.W.2d at 340; *Pension Management, Inc. v. DuRose,* 58 Wis. 2d 122, 128, 205 N.W.2d 553, 555 (1973). *Loy* recognized that "justiciability" is *the* prerequisite to a court's

judicial function" to declare rights based on "issues that are fictitious, colorable, or hypothetical." E. Borchard, *Declaratory Judgments*, 84–85 (2d ed. 1941).

By reserving the right to litigate whether Sipl did, in fact, own a car (and, indeed, whether he resided in his mother's household), the parties presented the trial court a stipulation that was pregnant with uncertainty. If the policy provision is ruled invalid, Sipl's right to coverage is declared; if the policy provision is upheld, Sipl's right to coverage must be litigated. In other words, if the court declares that the policy cannot exclude from coverage a resident relative who owns a car, then ownership of a car is not material. However, if the court decides that the policy does not violate sec. 632.32(6)(b)1, Stats., the ownership question is crucial. The declaration would only be conclusive upon the controversy regarding coverage *if* the policy clause were struck down as violative of sec. 632.32(6)(b)1, Stats. In effect, the stipulation was a nonbinding and conditional hypothesis; a hypothetical that might, or might not, reflect the facts as ultimately determined in the lawsuit. *See Imperial Irr. Dist. v. Nevada-California Elec. Corp.,* 111 F.2d 319, 321 (9th Cir. 1940) (court refused to sanction declaratory relief where parties reserved the right to litigate assumptions upon which request for declaratory judgment was based).

█

It is, of course, entirely proper for parties to avoid litigation costs by stipulating to uncontested facts—or

---

jurisdiction to issue declaratory relief and that a determination of whether a matter is "justiciable" requires an analysis of four elements, one of which is whether the issue in the controversy is ripe for judicial determination. 107 Wis. 2d at 409–10, 320 N.W.2d at 181–82.

by agreeing not to contest some facts they might dispute. However, a stipulation must be conclusive on the question presented, at least for the purposes of the litigation, before a court may use it as the factual basis for a declaration of rights. *See State ex rel. Lynch v. Conta,* 71 Wis. 2d 662, 674–675, 239 N.W.2d 313, 325 (1976); Borchard at 222. Since the stipulation is not binding on the specific controversy here, any judicial declaration based on that stipulation is an advisory opinion; that is, an "interpretation of the law without binding effect." *State v. Field,* 118 Wis. 2d 269, 288, 347 N.W.2d 365, 374 (1984) (emphasis omitted). It is, therefore, beyond the scope of judicial power. As *Heller* admonishes, "it should be called to the attention of the profession that the courts will not, under the [declaratory judgment] statute, act in a mere advisory capacity ...." *Heller,* 208 Wis. at 316, 242 N.W. at 176.[4]

---

[4]In *Heller,* the trial court declared that the plaintiffs would be subrogated to the rights of a first mortgagee "if, as, and when" they paid off the mortgage pursuant to their guarantee of the mortgage debt. *Heller,* 208 Wis. at 311–12, 242 N.W. at 174–75. The Supreme Court reversed, holding that the trial court lacked jurisdiction because the critical facts were not "existing"; that is, the debt might have been repaid by the mortgagor or the plaintiffs might have defaulted on their guaranty. *Loy* overruled *Heller* on this point, noting that the declaratory judgment process was designed to permit courts to declare rights based on real controversies, even though the parties might not have acted irrevocably. *Loy,* 107 Wis. 2d at 413–15, 320 N.W.2d at 183–84. In *Loy,* the declaration would conclude the specific controversy presented (operation of the proposed release), regardless of *what* the court declared. Here, declaratory relief concludes the specific controversy presented (Sipl's coverage) only if the trial court strikes down the policy exclusion.

468

■ III.    The coverage question presented to the trial court was not ripe for determination because its resolution would not definitively conclude the controversy on the coverage issue. Therefore, the matter was not justiciable and the trial court had no jurisdiction to order declaratory relief. That order must be vacated and the matter remanded to the trial court for further proceedings consistent with this opinion.

*By the Court.*—Order vacated and cause remanded.