Allen H. BENCE, William L. Brown, Edward F. Canning, William C. Crane, John Dotski, Russell H. Dunn, Milton A. Engbring, John Hodel, Ferdinand J. Meyer, Emil F. Milo, Frank Nawrocki, Joseph M. O'Donnell, Raymond P. Raths, Lawrence Venghaus, Richard H. Wissmueller, Harold F. Zemlicka, George Muehlbauer, Stanley A. Korbar, Clarence G. Krueger, Myron R. Ratkowski, Mary Rowe, Ruth Merkwae, Vladimir V. Barak, John Balcerak, Raymond Bednarek, Erwin Drake, Chester R. Esch, Clara Evenson, Leona E. Gerstenberger, Kurt Guttowski and Lyle W. Kohn, Plaintiffs-Respondents,

v.

CITY OF MILWAUKEE, a municipal corporation, and Policemen's Annuity and Benefit Fund, Defendants-Appelants.†

Court of Appeals

*No. 80–1815. Submitted on briefs June 17, 1981.—
Decided July 30, 1981.*
(Also reported in 309 N.W.2d 883.)

† Petition to review granted. CALLOW, J., took no part.

For the defendants-appellants the cause was submitted on the briefs of *James B. Brennan,* city attorney, *Thomas E. Hayes,* deputy city attorney, and *Michael A. I. Whitcomb,* assistant city attorney.

For the plaintiffs-respondents the cause was submitted on the brief of *Robert Arthur Melin,* of *Schroeder, Gedlen, Riester & Moerke,* of Milwaukee.

Before Decker, C. J., Cannon, J., and Hanley, Reserve Judge.

CANNON, J.   Defendants appeal from a judgment declaring part of an ordinance unconstitutional on equal protection grounds.   The ordinance incorporated the terms of a collective bargaining agreement covering the employment period November 3, 1972 through November 2, 1974, and provided, in part, for increased pension benefits to those employees retiring after October 5, 1973. The trial court declared unconstitutional the October 5, 1973 effective date and ordered that the employees retiring after the inception of the contract period were entitled to the increased benefits.   We affirm.

Plaintiffs are all members of the Policemen's Annuity and Benefit Fund.   As employees who entered the police

service between May 17, 1945 and July 29, 1947, they are separately classified for benefit purposes.

When an impasse resulted in the negotiation of the police employment contract for the period November 3, 1972 through November 2, 1974, the matter was submitted to binding arbitration. Following arbitration, a memorandum of understanding was executed October 15, 1973 between the city of Milwaukee and the Professional Policemen's Protective Association. Under the terms of this memorandum, the employment agreement was to be effective October 5, 1973. Following execution of an agreement, a resolution incorporating its terms was presented and passed by the Milwaukee Common Council and approved by the mayor February 12, 1974. The effective date of the ordinance was April 12, 1974.

Under the ordinance, employees retiring after October 5, 1973, would have their pensions calculated on 50% of their highest *annual* regular salary preceding retirement. Prior to the enactment of the ordinance, the pension would be calculated on 50% of the average annual salary during the highest three years preceding retirement.

All plaintiffs were employed following the inception of the new contract period, and retired prior to October 5, 1973. Subsequent to October 5, 1973, and prior to April 12, 1974, five employees who had entered police service between May 17, 1945 and July 29, 1947 retired. These employees were awarded pensions based upon 50% of their highest annual salaries.

In September, 1975, plaintiffs commenced a declaratory judgment action challenging the constitutionality of the ordinance. A demurrer filed by defendants was overruled by the trial court. Defendants appealed the order overruling the demurrer to the Wisconsin Supreme Court, which affirmed in *Bence v. City of Milwaukee*, 84 Wis. 2d 224, 267 N.W.2d 25 (1978), and remanded the action to the trial court for further proceedings.

On remand, the case was submitted to the trial court on stipulated facts. Following a hearing, the trial court granted plaintiffs' motion to amend the complaint to include an allegation that the ordinance denied plaintiffs equal protection. The trial court issued a memorandum decision March 3, 1980 declaring unconstitutional that part of the ordinance which set the effective date for the increased retirement benefits at October 5, 1973. Defendants' motion for reconsideration was denied and judgment was entered in favor of plaintiffs.

We address three issues on appeal:

1. whether the effective date of the ordinance provivision governing pension benefits denies plaintiffs equal protection;
2. whether the effective date may be severed from the ordinance; and
3. whether the trial court properly awarded plaintiffs retroactive benefits measured from May, 1974.

### EQUAL PROTECTION

In reviewing the constitutionality of the classification in issue, we begin with the principle repeatedly stated by this court and the United States Supreme Court that all legislative acts are presumed constitutional, that a heavy burden is placed on the party challenging constitutionality, and that if any doubt exists it must be resolved in favor of the constitutionality of a statute. When a statutory classification is challenged as violative of the equal protection clause, the challenger must prove abuse of legislative discretion beyond a reasonable doubt. *Sambs v. City of Brookfield*, 97 Wis. 2d 356, 370, 293 N.W.2d 504, 511, *cert denied*, 101 S. Ct. 611 (1980).

The legislative classification will be sustained unless it is without rational basis. While distinctions between classes of persons are permitted, the distinctions "must be based on proper economic, political or social basis." *Harris v. Kelley*, 70 Wis. 2d 242, 251, 234 N.W.2d 628, 632 (1975).

Our Wisconsin Supreme Court has developed the following standards to measure the reasonableness of legislative classifications:

(1) All classifications must be based upon substantial distinctions which made one class really different from another.

(2) The classification adopted must be germane to the purpose of the law.

(3) The classification must not be based upon existing circumstances only and must not be so constituted as to preclude addition to the numbers included within a class.

(4) To whatever class a law may apply, it must apply equally to each member thereof.

(5) The characteristics of each class could be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation. *Id.* at 252, 234 N.W.2d at 632. *Accord, Omernik v. State,* 64 Wis. 2d 6, 19, 218 N.W.2d 734, 742 (1974).

Where plausible reasons exist for the legislative action and the legislative body has not acted arbitrarily or capriciously, we can inquire no further. *United States Railroad Retirement Board v. Fritz,* 101 S. Ct. 453, 459–60 (1980).

Unlike the Court in *United States Railroad Retirement Board, id.,* we cannot hypothecate any reasonable basis for distinguishing between employees retiring after October 5, 1973, and employees retiring prior to that date. Both the employees retiring prior to October 5, 1973, and those retiring after October 5, 1973, were employed at the inception of the contract period and retired prior to the enactment and effective date of the ordinance. We can discern no substantial distinction between the classes established by the ordinance.

The record is further devoid of any explanation as to how the October 5, 1973 date was determined. The com-

mon council merely incorporated the terms of the labor agreement into the ordinance without comment. Although the retroactive effective date of labor agreements has been recognized as a mandatory subject of bargaining, *Berns v. WERC*, 99 Wis. 2d 252, 266, 299 N.W.2d 248, 256 (1980); *Department of Administration v. WERC*, 90 Wis. 2d 426, 437–38, 280 N.W.2d 150, 156 (1979), we are unable to determine whether October 5, 1973 was a bargained-for date or was merely arbitrarily selected as a date close to the signing of the labor agreement between the parties. We further reject the contention of defendants that merely because the date originated in the collective bargaining process it must be sustained. *See Loving & Evans v. Blick*, 33 Cal. 2d 603, 204 P.2d 23, 27 (1949).

Although articulation of the reason for the enactment of legislation is not required, *United States Railroad Retirement Board, supra,* at 461, its absence, coupled with our inability to fathom any reason for differentiating between these two groups of retired persons, proves fatal to the constitutionality of that part of the ordinance. We consequently affirm the trial court's determination that the October 5, 1973 effective date denies plaintiffs equal protection under the law.

## SEVERANCE OF THE OCTOBER 5, 1973 EFFECTIVE DATE FROM THE ORDINANCE

Defendants contend that the provision regarding the October 5, 1973 effective date for the increased pension benefits cannot be severed without undermining the purpose and intent of the ordinance. We disagree.

In the earlier appeal of this action, our supreme court stated:

There is ample precedent to permit a court to sever from an ordinance or legislative enactment that portion of an act which is unconstitutional and to declare that the remaining portion is valid. As a general matter, the determination of whether an invalid portion so infects the remainder of the legislation as to require the entire law to be invalidated is a question of legislative intent. *City of Madison v. Nickel,* 66 Wis. 2d 71, 223 N.W.2d 865 (1974) ; *State ex rel. Milwaukee County v. Boos,* 8 Wis. 2d 215, 99 N.W.2d 139 (1959). Were the trial court to find the ordinance unconstitutional, *it would appear not unreasonable to hold that the offending portions of the ordinance could be severed from the balance without violating the legislative intent in respect to the remainder.* The ultimate determination of legislative intent would, however, have to abide the trial court's determination of unconstitutionality. *Bence, supra,* at 233–34, 267 N.W.2d at 30. [Emphasis supplied.]

Having affirmed the trial court's finding of unconstitutionality, we additionally agree with the trial court's decision to sever that part of the ordinance which makes the increased benefits payable only to those employed "on or after October 5, 1973." This severance leaves intact the balance of the ordinance which describes the nature of and conditions for pension benefits during the November 3, 1972 to November 2, 1974 contract period and effectuates the legislative intent of the common council.

## RETROACTIVE AWARD OF PENSION BENEFITS BY THE TRIAL COURT

Defendants maintain that the trial court improperly awarded plaintiffs the increased pension benefits totaling $94,639.29 from May, 1974 through August, 1980. We reject this contention.

In a declaratory relief action, the trial court is empowered to order supplemental relief which is necessary

to carry out the declaratory judgment. Sec. 806.04(8), Stats.; Judicial Council Committee's Note—1974, Wis. Stat. Ann. § 806.04 (West). This additional relief may include retroactive damage awards. *See F. Rosenberg Elevator Co. v. Goll*, 18 Wis. 2d 355, 363, 118 N.W.2d 858, 862–63 (1963). Such relief is not precluded under *Lemon v. Kurtzman*, 411 U.S. 192 (1973), but is subject to the discretion of the trial court in the exercise of its power to fashion equitable relief. *Id.* at 200.

Here, the trial court awarded plaintiffs the increased pension benefits to which they would be entitled had the ordinance not contained the constitutionally objectionable effective date. This accords with the practical realities of this case, and we affirm.

*By the Court.*—Judgment affirmed.