## NORTH SIDE BANK, Heritage Bank & Trust and Henry S. Dorman, Trustee in Bankruptcy, Plaintiffs-Respondents,

v.

## Frederick C. GENTILE, Defendant-Appellant.

Supreme Court

*No. 85–0822. Argued March 4, 1986.—Decided April 16, 1986.*

(Also reported in 385 N.W. 2d 133.)

For the defendant-appellant there were briefs by *Robert L. Swanson* and *DeMark, Kolbe & Brodek, S.C.,* Racine, and oral argument by *Mr. Swanson.*

For the plaintiffs-respondents there was a brief by *Robert J. Grady* and *Fetek & Grady, S.C.*, Racine, and oral argument by *Robert J. Grady.*

DAY, J.  This appeal is before this court on by-pass of the court of appeals, pursuant to sec. 809.60, Stats. The appeal is from an order and amended judgment of the circuit court for Racine county, Honorable Dennis J. Flynn, circuit judge, holding that sec. 815.18(31), Stats., 1983–1984,[1] exempting employee

---

[1] Section 815.18 provides:

" **815.18  Property exempt from execution.** . . . (31) Employe retirement benefits. (a) The term 'plan' as used in this subsection means any retirement, pension, disability, death benefit, stock bonus or profit-sharing plan created by an employer for the exclusive benefit of himself, if self-employed or of some or all of his employes, or their dependents or beneficiaries, to which contributions are made by such employer, or employes, or both, for the purpose of distributing in accordance with such plan to such employes, or their dependents or beneficiaries, the earnings or the principal, or both, of a trust created as part of the plan, or annuity, insurance or other benefits under such a plan whether or not purchased by a trust; if it is impossible under a trust created as part of a plan at any time prior to the satisfaction of all liabilities with respect to employes and their dependents and beneficiaries under the trust, for any part of the principal or income to be at any time used for or diverted to purposes other than for the exclusive benefit of such employes, or their dependents or beneficiaries. The term 'employer' as used in this subsection shall be deemed to include a group of employers creating a combined plan for the benefit of their employes or the beneficiaries of such employes. . . .

" (c)  The interest of any person in any employes' benefit plan as defined in this subsection and any pension or other benefit derived therefrom shall not be subject to any garnishment, attachment, execution, sequestration, levy or any other legal or equitable process

211

pension plans from execution, is contrary to article I, sec. 17 of the Wisconsin Constitution because it is "unreasonable."[2] The trial court held that North Side Bank, Heritage Bank and Trust, and Henry S. Dorman, Trustee in Bankruptcy (Plaintiffs) may pursue the funds in the Frederick C. Gentile, D.D.S. Pension Trust (Pension Trust) to satisfy their claims against the bankruptcy estate of Frederick C. Gentile (Defendant). The enforcement of the judgment was stayed pending final disposition of the matter.

The following issues are raised on appeal: (1) Must all creditors of the bankrupt be named as parties in a declaratory judgment action challenging the constitutionality of an exemption statute?; (2) Does sec. 815.18(31), Stats., which exempts qualified pension plans from seizure by creditors, violate art. I, sec. 17 of the Wisconsin Constitution which gives the legislature the power to create laws that exempt a "reasonable amount of property" from seizure by creditors?; and, (3) If we hold that sec. 815.18(31), is unconstitutional, should this ruling be applied prospectively only?

We hold: (1) that the bankruptcy trustee was acting in the interest of the bankrupt's creditors and may therefore pursue a declaratory judgment without all of the creditors being named as parties; (2) that sec.

___

and no assignment of any such interest, pension or other benefit shall be valid or recognized."

[2] The Wisconsin Constitution, art. I, sec. 17, provides:

" Article I.    **Exemption of property of debtors.** Section 17. The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted."

815.18(31), Stats., is constitutional; and (3) that because we hold the statute constitutional, we need not address the third issue.

On March 29, 1984, Defendant, a sixty-two year old dentist, and his wife filed a joint bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Wisconsin requesting relief under 11 U.S.C. Chapter 7 of the United States Bankruptcy Code. The bankrupt Defendant had a choice under the Federal Bankruptcy Act to follow the exemption provisions of the Federal Bankruptcy Act or the exemptions provided by state law. 11 U.S.C. sec. 522(b). The Defendant elected to claim the exemptions provided by the State of Wisconsin. Under sec. 815.18(31), Stats., Defendant claimed as exempt his entire interest in his Pension Trust, amounting to $191,787.98.[3] North Side Bank, a creditor, filed an objection to the exemption of these funds in the bankruptcy court, Honorable D. E. Ihlenfeldt presiding, claiming that sec. 815.18(31), was unconstitutional because it failed to place any limits on the amount of the exemption.[4] Judge Ihlenfeldt

[3] In the present action, Defendant is a sixty-two year old man with a pension fund of $191,787. Mr. Michael McDermott, a consulting actuary, made the following observations about the fund:

"[S]uch fund would provide an immediate annuity to a male age 62 of $2,138 per month for life with no further benefits payable after the death of such individual and, in the alternative, a joint and 50% survivor benefit in the primary amount of $1,946 payable for the life of the primary beneficiary and a survivor benefit of $973 payable to the secondary beneficiary."

[4] The record shows that the Plaintiffs, North Side Bank, Heritage Bank and Trust and Henry S. Dorman, Trustee in Bankruptcy, each filed an objection to this exemption.

ordered that the exemption question remain open and directed the creditors to file a declaratory judgment action in a Wisconsin state court.

Plaintiffs then filed a declaratory judgment action in the circuit court for Racine county seeking a declaration that sec. 815.18(31), Stats., is unconstitutional and that they may pursue the funds in the Pension Trust to satisfy their claims against the Defendant. Defendant moved to dismiss the action claiming, among other things, that there was a defect in the parties because numerous creditors were necessary parties under sec. 806.04(11), and had not been named. Subsequently, Defendant moved for summary judgment in his favor. The circuit court denied the Defendant's motions and held that sec. 815.18(31), "is unreasonable discrimination and arbitrary and therefore contrary to the provisions of Article I, Section 17 of the Wisconsin Constitution. . . ." Further, the court concluded that the Plaintiffs could pursue the funds in the Pension Trust to satisfy their claims against the Defendant, but it prohibited all attempts at collection pending final disposition of this matter.

Defendant appealed to the court of appeals. Subsequently, he petitioned this court to bypass the court of appeals. The petition was dismissed as premature because the briefs of the parties had not been filed. After the briefs were filed, both parties moved to have this court reconsider the petition for bypass. This court granted the joint reconsideration motion and granted the bypass.

The first question is whether all the necessary parties are before the court. Section 806.04(11), Stats., provides:

"**806.04 Uniform declaratory judgments act.**
... (11) PARTIES. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration may prejudice the right of persons not parties to the proceeding. ..."

Defendant argues that the Plaintiffs have failed to name all the necessary parties in compliance with sec. 806.04(11), because there were over twenty creditors listed in the bankruptcy petition and they were not named as parties to the declaratory judgment action. Defendant also claims that the bankruptcy trustee may not represent the other creditors. In contrast, Plaintiffs claim that the only necessary party is the trustee, who is the representative of the bankruptcy estate. *See,* 11 U.S.C. sec. 323. We conclude that the interests of all the creditors are sufficiently represented by Henry S. Dorman in his representative capacity as trustee, and thus, sec. 806.04(11), as interpreted by this court, does not require their joinder as plaintiffs.

This court has determined that sec. 806.04(11), Stats., should not be construed to require that all interested parties must be joined in a declaratory judgment action seeking to adjudge the validity of a statute. *Barry Laboratories, Inc. v. State Bd. of Pharm.,* 26 Wis. 2d 505, 512, 132 N.W. 2d 833 (1965). Strict application of the statute would make the statute unworkable with respect to determining the validity of a statute or ordinance. *Bence v. Milwaukee,* 84 Wis. 2d 224, 234, 267 N.W. 2d 25 (1978). Section 806.04(11), does not require the joinder of all interested parties when one party is acting "in a representative capacity in behalf of all persons having an interest in upholding the validity of the

215

statute or ordinance under attack." *White House Milk Co. v. Thomas,* 275 Wis. 243, 249, 81 N.W. 2d 725 (1957).

In *Bence,* the plaintiffs were challenging the constitutionality of a city ordinance that altered the method of determining the amount of pension to be received by retired police officers under the Policemen's Annuity and Benefit Fund. Under the ordinance, officers whose services commenced on or after May 17, 1945, and who retired after October 5, 1973, were entitled to higher benefits than those who retired prior to October 5, 1973. Plaintiffs, officers who retired prior to October 5, 1973, failed to name as defendants those officers who were receiving the increased benefits. This court relied on its *White House Milk* decision and concluded that because the city attorney was named as a defendant it was not necessary for the plaintiffs to join all other officers whose interests might have been affected.

> "The city attorney has appeared on behalf of the City of Milwaukee and of the Policemen's Annuity and Benefit Fund. It is his duty, a duty which he has discharged to date in this action, to represent the interests of the fund and the interests of all participants in the fund whose rights might be jeopardized by the decision in the declaratory judgment action." *Bence,* 84 Wis. 2d at 235.

In like manner, the bankruptcy trustee appeared on behalf of all the bankrupt Defendant's creditors, named and unnamed. In objecting to Defendant's claimed exemption of the Pension Trust, the trustee sought to have the $191,787.98 returned to the estate to be available to satisfy the claims of the Defendant's creditors. The interests of the creditors could not be harmed by the trustee's actions, only benefitted. By attempting

to collect assets for the creditors, the trustee was acting in the interest of all the creditors.

A bankruptcy trustee possesses only those powers granted by the Bankruptcy Code. Defendant cites three cases for the proposition that the bankruptcy trustee has no authority to represent the rights of the creditors in this declaratory judgment action. These cases can be distinguished from this case because in each case the trustee lacked standing to challenge the claimed exemptions. In the *In re Reynolds*, 24 Bankr. 344 (Bankr. S.D. Ohio 1982) case, not only was the bankruptcy trustee denied standing to question the constitutionality of the Ohio exemption statute, but all bankruptcy creditors were denied standing. The exemption discriminated against non-bankruptcy creditors, and the court held that the question of constitutionality could only be brought by the class discriminated against in a non-bankruptcy context. *Id.* at 347.

In the other two cases, *In re Skipwith,* 9 Bankr. 730 (Bankr. S.D. Cal. 1981), overruled in part on other grounds, 19 Bankr. 666 (Bankr. 9th Cir. 1982), and *In re Wilson,* 4 Bankr. 605 (Bankr. E.D. Wash. 1980), the courts concluded that the trustee's powers under 11 U.S.C. sec. 544(a) and (b), failed to give the trustee standing to raise objections to the exemption statutes. Both courts recognized the general rule that no person may challenge the constitutionality of a statute by invoking the rights of others. Section 544(a) gives the trustee the "rights and powers of a judicial lien creditor, a creditor holding an execution returned unsatisfied and a bona fide purchaser of real property from the debtor," even if no such creditor exists. These rights and powers are created as of the filing of the bank-

ruptcy petition. *Skipwith,* 9 Bankr. at 737. Section 544(b) does not carry the time limitation of sec. 544(a), but it limits the trustee's power to "avoid[ing] any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim. . . ." *Id.*

In both cases, the objections raised by the trustees were available only to creditors who had extended credit prior to the filing of the petition. *Wilson,* 4 Bankr. at 607; *Skipwith,* 9 Bankr. at 737. We are not confronted with such a situation in the present case. Any creditor of the Defendant could have objected to the constitutionality of sec. 815.18(31), Stats.[5]

In addition to the powers given to the trustee under 11 U.S.C. sec. 544(a) and (b), the Bankruptcy Code provides that: "(a) The trustee in a case under this title is the representative of the estate; (b) The trustee in a case under this title has capacity to sue and be sued." 11 U.S.C. sec. 323. In *First Nat'l. Bank of Mobile v. Norris,* 701 F. 2d 902 (11th Cir. 1983), the court was confronted with a challenge to the trustee's standing to object to the amount of the claimed homestead exemption. Prior to the filing of the bankruptcy petition, Alabama law increased the amount of the homestead exemption, and the debtors claimed as exempt the increased amount. Debtors alleged that only creditors who had extended credit prior to the change could challenge the amount. In contrast to the *Wilson* and *Skipwith* cases, the court applied 11 U.S.C. sec. 323 and held

[5] Furthermore, both courts held that the trustees lacked standing under sec. 544(b), because the claiming of exemptions is neither a transfer nor an incurring of an obligation. *Wilson,* 4 Bankr. at 608; *Skipwith,* 9 Bankr. at 737.

that the trustee was acting as the representative of the estate and had standing to object to the exemption. "As the representative of the estate, the trustee had a definite interest in whether property of the debtor's estate was allowed as exempt property. The trustee had a duty to collect the property of the estate. 11 U.S.C.A. sec. 704. That duty inevitably involved determining what property was exempt." *Id.* at 904. *See also, In re Ram Mfg. Inc.,* 36 Bankr. 822, 824 (Bankr. E.D. Penn. 1984) (trustee is the legal representative of the estate); *In re Brooks,* 12 Bankr. 22, 24 (Bankr. S.D. Ohio 1981).

■ Henry S. Dorman was acting as trustee when he sought a declaratory judgment. As trustee, he was the representative of the estate, 11 U.S.C. sec. 323, and had standing to challenge the constitutionality of sec. 815.18(31), Stats. As trustee, he had a duty to collect the property of the estate, a duty he discharged by objecting to the claimed exemption of the Pension Trust. In collecting the property of the estate, the trustee was acting in the interest of all the bankruptcy creditors. Under the facts of this case, the interests of all the bankruptcy creditors were sufficiently represented by the trustee, and they need not be joined as plaintiffs under sec. 806.04(11).

Since we have concluded that there was no defect in parties under sec. 806.04(11), Stats., we address the substantive issue of whether sec. 815.18(31), violates art. I, sec. 17 of the Wisconsin Constitution which provides: "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, *exempting a reasonable amount of property* from seizure or sale for the payment of any debt or liability hereafter contracted." (Emphasis added.) Plaintiffs

219

claim that sec. 815.18(31), violates the reasonableness standard of the constitution because it places no limit on the amount that may be exempt as a qualified pension plan.

This court's review of a legislative enactment is limited in scope. All statutes are presumed to be constitutional, and the party attacking a statute must prove it unconstitutional beyond a reasonable doubt. *Sambs v. City of Brookfield,* 97 Wis. 2d 356, 370, 293 N.W. 2d 504 (1980); *State ex rel. Fort Howard Paper v. Lake Dist. Bd.,* 82 Wis. 2d 491, 505, 263 N.W. 2d 178 (1978). "The cardinal rule of statutory construction is to preserve a statute and find it constitutional if it is at all possible to do so." *Fort Howard Paper,* 82 Wis. 2d at 505. We must uphold the constitutionality of a statute if there is any reasonable basis for it.

> "[T]he task of this court in passing upon the constitutionality of laws is limited and restrained. This court does not sit as a superlegislature debating and deciding upon the relative merits of legislation. It looks for a reasonable basis upon which the legislature might have acted, and assumes that the legislature had such a purpose in mind when it enacted the law in question." *Coffee-Rich, Inc. v. Dept. of Agriculture,* 70 Wis. 2d 265, 269, 234 N.W. 2d 270 (1975).

There was much debate at the second Wisconsin Constitutional Convention in 1847–1848 on the article on exemptions. As originally proposed, the article provided for a homestead exemption of $500, or, in the alternative, the head of the household could exempt the tools or machinery of a mechanic or any real or personal property not exceeding $500. It further provided

that the "legislature shall make such other and further exemptions as to them seem proper." *The Attainment of Statehood,* (M. Quaife ed. 1928).

It was generally agreed that the article was a humane provision intended to protect persons from sudden calamity, destitution and misery. *Id.* at 755. The dispute arose over whether the constitution should include a homestead exemption. Leading the opposition was Mr. Kilbourn, from Milwaukee, who advocated that only a fundamental principle on exemptions be set forth in the constitution and that the details of the exemptions be left to the legislature. *Id.,* at 750; *see also, Id.* at 768–769. One delegate, Mr. Prentiss, was opposed to the inclusion of any exemption law in the constitution for fear it would be seen as a restriction on the legislature. *Id.* at 774. As a result of the debates, art. I, sec. 17 emerged which did not create any exemption laws, but rather gave broad discretionary powers to the legislature to create exemptions for the benefit of debtors. *See, Bull v. Conroe,* 13 Wis. 233, 239 (1860). This was a specific grant of power to the legislature by the constitution.

There are five purposes served by exemption statutes: "1. To provide a debtor enough money to survive. 2. To protect his dignity and his cultural and religious identity. 3. To afford a means of financial rehabilitation. 4. To protect the family unit from impoverishment. 5. To spread the burden of the debtor's support from society to his creditors." *In re Hahn,* 5 Bankr. 242, 244 (Bankr. S.D. Iowa 1980); *see also,* Resnick, *Prudent Planning or Fraudulent Transfer? The Use of Nonexempt Assets to Purchase or Improve Exempt Property on*

*the Eve of Bankruptcy,* 31 Rutgers L. Rev. 615, 621 (1978); 9 Am. Jur. 2d, Bankruptcy, sec. 302. This court has stated that the purpose of exemption statutes is to provide the debtor and his family with the means of obtaining a livelihood and preventing them from becoming a charge upon the public. *Opitz v. Brawley,* 10 Wis. 2d 93, 96, 102 N.W. 2d 117 (1959). To effect this purpose, exemption statutes are to be liberally construed. *Eloff v. Riesch,* 14 Wis. 2d 519, 525, 111 N.W. 2d 578 (1961); *Opitz,* 10 Wis. 2d at 95; *Comstock v. Bechtel,* 63 Wis. 656, 662, 24 N.W. 465 (1885). In *Comstock,* 63 Wis. at 662, this court concluded that the exemption statutes were enacted in obedience to the mandate of art. I, sec. 17, and rejected every construction of these statutes that would defeat their beneficent purpose. At the time *Comstock* was decided, numerous exemption statutes existed that placed no limits on the value of the exempt property. The following items were exempt: the family Bible, the library of the debtor, the interest owned by an inventor in any invention secured to him by a United States patent, and all money arising from a life insurance policy on a minor, payable to either or both of the minor's parents, against the parents' creditors. Currently, numerous subsections of sec. 815.18, Stats., do not contain a limit on the value of the exempt property. *See,* sec. 815.18. Thus, if the Plaintiffs' argument prevails, these subsections would be unconstitutional.

■ Pension plans serve the needs of both employers and employees. By providing pension plans, employers secure faithfulness and efficiency on the part of their employees and increase the probability of continued service of employees. Pension plans also serve a hu-

manitarian purpose of providing security to employees at a time when their earning ability and earnings are materially impaired or at an end. 60 Am. Jur. 2d, Pensions and Retirement Funds, sec. 74. Pension funds and disability insurance are intended to protect the employee and the employee's family. "[T]he purpose of exemptions is to relieve the person exempted from the pressure of claims that are hostile to his and his dependents' essential needs." *Courtney v. Courtney,* 251 Wis. 443, 449, 29 N.W. 2d 759 (1947).

Several of the purposes for exemptions are satisfied by exempting qualified pension plans. Such plans may provide the debtor with enough money to survive, protect the family unit from impoverishment and spread the burden of the debtor's support from society to his creditors. Thus, it was not unreasonable for the legislature to exempt pension plans without placing a limit on the exemption. Such plans provide the debtor and the debtor's family with the funds necessary to support them at a time when earning ability is materially impaired or at an end.[6]

---

[6] We note that the rules against fraud would prevent a bankrupt from placing an unreasonable amount of money in a pension fund on the eve of bankruptcy. "Generally the mere conversion of non-exempt property into exempt property on the eve of bankruptcy is not in itself fraud as will deprive the bankrupt of his right to exemptions. But if it can be shown that there was fraudulent intent in the transaction, the exemption may be refused." 1A *Collier on Bankruptcy,* sec. 6.11[5] (footnotes omitted); *In re Schwingle,* 4 Bankr. Ct. Dec. (CRR) 434, 436 (Bankr. W.D. Wis. April 10, 1978). There is no claim of fraud in this case.

We conclude, based on the purposes served by exemptions and by pension plans, that the legislature conformed to the constitutional mandate by exempting a "reasonable amount of property" in sec. 815.18(31), Stats. A qualified pension plan may help provide the debtor and the debtor's family with the necessary comforts of life. We conclude that sec. 815.18(31), is constitutional. Plaintiffs have failed to prove it unconstitutional beyond a reasonable doubt.

*By the Court.*—The order and amended judgment of the circuit court is reversed and rights declared.