# IN the MATTER OF the CONSERVATORSHIP OF G.S., Jr.: C.S., Conservator-Appellant,

## v.

# DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Respondent.†

Court of Appeals

*No. 85–1527. Submitted on briefs September 4, 1986.—Decided October 16, 1986.*

(Also reported in 397 N.W.2d 133.)

---

† Petition to review denied.

---

For the conservator-appellant the cause was submitted on the briefs of *John T. Manning* of Wisconsin Rapids.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Donald P. Johns*, assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. The conservator of G.S., Jr., appeals from an order holding G.S.'s estate liable for the expenses of his institutionalization. The issues are (1) whether sec. 46.10(2), Stats., which authorizes the state to collect the costs of care from persons admitted or committed to a state institution, violates art. I, sec. 17 of the Wisconsin Constitution; and (2) if not, whether the order should be vacated on equitable grounds. We reject the conservator's arguments on both issues and affirm.

The facts are undisputed. G.S. was committed to the Tri-County Unified Services Board as mentally ill pursuant to ch. 51, Stats. He was admitted to the Winnebago Mental Health Institute for treatment. The state, proceeding under sec. 46.10, Stats., seeks to recover $13,896.09, representing the costs incurred during G.S.'s five-month hospitalization. The trial court entered an order for payment which authorized the sale of G.S.'s homestead to satisfy the debt. The conservator does not dispute the amount of the hospital charges. He challenges only the power of the legislature and the court to permit the sale of G.S.'s residence.

Section 46.10(2), Stats., provides in part as follows:

"[A]ny person ... receiving care ... provided by any [state] institution ... and the person's property and estate, including the homestead ... shall be liable for the cost of the care .... If ... an incapacitated person may be lawfully dependent upon the property for [his or her] support, the court shall release all or such part of the property and estate from the charges that may be necessary to provide for [that person].

Article I, sec. 17 of the Wisconsin Constitution provides that: "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." The constitution does not provide specific exemptions. Rather, it authorizes the legislature to do so—to enact laws "in obedience to the mandate of the constitution." *Comstock v. Bechtel*, 63 Wis. 656, 662, 24 N.W. 465, 467 (1885). The homestead exemption statute, sec. 815.20(1), Stats., is such a law. The conservator argues, however, that sec. 46.10(2), Stats., effectively nullifies the exemption and is thus unconstitutional. We do not agree.

All statutes are presumptively valid, and a claim of unconstitutionality must be established beyond a reasonable doubt. *Sambs v. City of Brookfield*, 97 Wis.2d 356, 370, 293 N.W.2d 504, 511, *cert. denied*, 449 U.S. 1035 (1980). We must uphold the statute if there is any reasonable basis for it. *North Side Bank v. Gentile*, 129 Wis.2d 208, 220, 385 N.W.2d 133, 138 (1986).

Section 815.20(1), Stats., provides in pertinent part that a homestead "shall be exempt from execution, from the lien of every judgment and from liability for the

365

debts of the owner to the amount of $25,000,[1] except mortgages, laborers', mechanics' and purchase money liens and taxes and *except as otherwise provided.*" (Emphasis added.) We recognize that exemption statutes are to be construed liberally in favor of the debtor. *North Side Bank,* 129 Wis.2d at 222, 385 N.W.2d at 139. The underscored phrase, however, can be read only one way. Giving the phrase its commonly understood meaning, we conclude that the legislature has "otherwise provided" by specifically authorizing sale of the homestead in sec. 46.10(2), Stats. We see no conflict with sec. 815.20(1).

The conservator quotes extensively from *Bull v. Conroe,* 13 Wis. 260, 266 (1860), to the effect that art. I, sec. 17 of the constitution "can be executed by general laws only, and . . . local or special legislation upon the privileges of debtors, which would deprive those . . . belonging to particular classes, of the advantages conferred by law upon others, could not be sustained." He argues that sec. 46.10, Stats., is "special legislation," for it deprives "those in a special class" (presumably institutionalized property owners) of the protection of the homestead exemption.

First, the "special legislation" discussed in *Bull* was a "private and local law" enacted by the 1856 legislature to annex certain lands to the City of Racine, and the court simply suggested in *dicta* that legislative regulation of homestead exemptions under art. I, sec. 17, had to be accomplished by general, rather than "local or special," laws. *Id.* at 266–69. The court held, however, that because the plaintiff's case failed for lack of proof it was unnecessary to consider the argument. *Id.* at

---

[1] The homestead exemption was raised from $25,000 to $40,000 by 1985 Wis. Act 153, sec. 29, effective April 8, 1986.

272–73. Second, we believe sec. 46.10, Stats., meets the constitutional mandate. By allowing the court to release all or a part of the homestead to accommodate those in necessitous circumstances, the statute neither abrogates the homestead exemption nor contradicts the underlying purpose of art. I, sec. 17. It has a reasonable basis, and we uphold it.

The conservator next argues that it would be inequitable for the state to seize G.S.'s homestead because it would leave him destitute. The Department of Health and Social Services is directed under sec. 46.10(3), Stats., to give due regard to the debtor's needs when making collections under sec. 46.10(2). Section 46.10(2), itself, allows the court to release all or part of the debtor's property if it is necessary for the debtor's support. The record is nonexistent on this point, however, for the conservator offered no evidence as to G.S.'s financial status or need. The only points raised by the attorney-conservator at the hearing were: (1) that G.S. "shouldn't be required to pay for care he doesn't want" ; (2) that it would be inequitable for the house to be sold; and (3) that G.S. is entitled to claim the $25,000 homestead exemption. In the absence of any evidence to support the conservator's legal arguments, the trial court rejected them, as do we.

*By the Court.*—Order affirmed.

DYKMAN, J. *(dissenting).* The majority addresses the discretionary power of the court under sec. 46.10(2), Stats., as a part of G.S.'s argument that it would be inequitable for the state to seize his homestead. G.S. made this argument to the trial court. Though an argument based on equity is a curious way to complain that the trial court did not consider whether

G.S. was dependent on the property, I conclude that the issue was raised.

Section 46.10(2), Stats., permits a trial court to release all or part of an incapacitated person's property from the state's claim if the incapacitated person is "lawfully dependent upon the property for [his or her] support." The trial court concluded that G.S.'s property should be sold without considering whether G.S. was dependent upon the property for his support. I would reverse and remand to permit it to do so.

I agree that sec. 46.10(2), Stats., does not violate art. I, sec. 17 of the Wisconsin Constitution.