FRED A. RISSER, Chairperson Senate Organization Committee
You have requested my opinion regarding the constitutionality of 1989 Assembly Bill 565. 1989 A.B. 565 grants Wisconsin Retirement System (WRS) credit for military service, which was not a break in public employment, to participants of the old Milwaukee Teachers Retirement System and State Teachers Retirement System who retired during calendar year 1981. Members of these two systems who retired before merger of the systems into the WRS on January 1, 1982, are not eligible under present statutes for this military service credit. See sec.40.02 (15)(c)5., Stats.
The materials forwarded with your opinion request indicate, as the basis for the requested opinion, that "there have been differing opinions about the constitutionality of granting military credit for Wisconsin Retirement System participants who retired prior to 1982." See January 17, 1990, letter of Senator Andrea. I am not aware of the basis for such "differing opinions." The most likely constitutional challenges would, however, be under article IV, section 26 and article I, section 1 of the Wisconsin Constitution.
Article IV, section 26 of the Wisconsin Constitution, which relates to increased compensation, states in material part:
 The legislature shall never grant any extra compensation to any public officer, agent, servant or contractor, after the services shall have been rendered or the contract entered into; . . . This section shall not apply to increased benefits for persons who have been or shall be granted benefits of *Page 126 any kind under a retirement system when such increased benefits are provided by a legislative act passed on a call of ayes and noes by a three-fourths vote of all the members elected to both houses of the legislature, which act shall provide for sufficient state funds to cover the costs of the increased benefits.
I find no inherent violation of this provision.
1989 A.B. 565 funds the increased benefits out of state general purpose revenues. See 1989 A.B. 565 at sec. 1. If such bill is enacted "on a call of ayes and noes by a three-fourths vote of all the members elected to both houses of the legislature," there appears to be no impediment under article IV, section 26 of the Wisconsin Constitution.
The fourteenth amendment to the United States Constitution and article I, section 1 of the Wisconsin Constitution guarantee equal protection of the laws.
 In Wisconsin, when legislation is constitutionally challenged on equal protection grounds, the first step in the analysis of a particular statute or ordinance is to establish beyond a reasonable doubt that the legislation is unconstitutional. "`Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to a legislative enactment's constitutionality, it must be resolved in favor of constitutionality.'" Equal protection is denied where legislation is "administered with an unequal hand so as to make an illegal discrimination between persons similarly situated." There is no denial of equal protection as long as there is a reasonable basis for the classification. If the classification does not involve a suspect class, such denial comes about only if the legislature has made an irrational or arbitrary classification. The appellate standard of review for a statutory classification is the rational basis test, unless the challenged statute affects a "fundamental right" or creates a classification based on a "suspect class." If there is a fundamental right or suspect *Page 127 
class involved, the challenged legislation must pass "strict scrutiny." Under the rational basis test, if there is any reasonable basis to justify the classification, we must uphold the law. The courts are obliged to locate or construct, if possible, a rationale that might have influenced the legislative determination. It is to be noted that the equal protection guarantee under the United States and the Wisconsin Constitutions are substantially equivalent, and thus, the same legal analysis for constitutionality is employed.
 We hold that the statute and the ordinance in this case must be reviewed under a rational relationship test because they address social and economic policy. This legislation does not involve a suspect class or fundamental right; therefore, the strict scrutiny test need not be applied.
Shannon Riordan v. Zoning Board, 153 Wis.2d 713, 728-29,451 N.W.2d 479 (Ct.App. 1989) (emphasis provided). Since 1989 A.B. 565 "is economic legislation, judicial review does not reach the higher scrutiny required for fundamental constitutional rights . . . ." State ex rel. Cannon v. Moran, 107 Wis.2d 669,689, 321 N.W.2d 550 (Ct.App. 1982), reversed on othergrounds, 111 Wis.2d 544, 331 N.W.2d 369 (1983).
1989 A.B. 565 grants credit for military service for only those participants of the old Milwaukee Teachers Retirement System and State Teachers Retirement System who retired duringcalendar year 1981. This proposed legislation thus distinguishes between participants of the old systems who retired prior to 1981 and those that retired during 1981. No express statement regarding the basis for the legislation is contained in the bill.
All enacted laws are, however, presumed to be constitutional. I therefore consider it inappropriate to speculate as to the reasonable basis of the Legislature. This proposal is still in the legislative process and the intended basis has not been fully developed. The Legislature could insert an express statement of its purpose or enact the bill in an amended form that would *Page 128 
provide further indication as to the intended basis for its classification. It is my view that such a determination of the reasonableness of the basis for classification must focus on the bill as enacted and not on its transitory status.
As the Wisconsin Supreme court stated in North Side Bank v.Gentile, 129 Wis.2d 208, 220, 385 N.W.2d 133 (1986):
 This court's review of a legislative enactment is limited in scope. All statutes are presumed to be constitutional, and the party attacking a statute must prove it unconstitutional beyond a reasonable doubt. [Case cites omitted.] "The cardinal rule of statutory construction is to preserve a statute and find it constitutional if it is at all possible to do so." [Case cite omitted.] We must uphold the constitutionality of a statute if there is any reasonable basis for it.
I therefore conclude that, if enacted, 1989 A.B. 565 would not violate the above-discussed clauses of the United States or Wisconsin Constitutions.
DJH:WMS *Page 129